## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3: 11cr152

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| CRAIG ALLEN RODGERS, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the court on the United States' Motion for Order Requiring FBI to Deliver Forfeited Funds. For cause, the government has shown that defendant agreed in his plea agreement to forfeit $1,137.00 to the United States and that as a condition of the Judgment, defendant was ordered to pay to a victim in this matter her medical expenses of $481.00. The issue of additional restitution was left open for 90 days from judgment. While the government appears to request that the FBI be ordered to turn over the entire $1,137.00 to the Clerk of this Court for payment to the victim, the only amount now payable to the victim is $481.00.[1] Having considered the United States' motion and reviewed the pleadings, the court enters the following Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that the United States' Motion for Order Requiring FBI to Deliver Forfeited Funds (#25) is **GRANTED** in part and otherwise denied, the FBI is directed to deposit with the Clerk of this Court $481.00 in forfeited funds, and the

---

[1] While ¶ 9(a) of the Plea Agreement provides that forfeited funds may be used for restitution, the court knows of no procedure by which it may lawfully convey forfeiture proceeds to a victim *in excess of* the amount of restitution judicially determined.

Clerk of Court is directed to disperse such funds to the victim, "J.M." in satisfaction of the initial Order of Restitution contained in the criminal Judgment.

Signed: October 16, 2012

Max O. Cogburn Jr.
United States District Judge