# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3: 11cr152

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| CRAIG ALLEN RODGERS, ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**THIS MATTER** is before the court on the government's Third Motion for an Order Amending Restitution Amount and Requiring FBI to Deliver Forfeited Funds (#30). While the government did not move to amend the Order of Restitution in the first two motions, this time the government properly seeks to amend the Order of Restitution and increase the restitution amount in the Judgment from $481 to $2721, based on a statement from the victim and her employer concerning lost wages she suffered during the time she was victimized by defendant in the commission of the underlying offense.

Where the government seeks to amend the Order of Restitution, the governing statute provides in relevant part as follows:

> (5) If the victim's losses are not ascertainable by the date that is 10 days prior to sentencing, the attorney for the Government or the probation officer shall so inform the court, and the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing. If the victim subsequently discovers further losses, <u>the victim shall have 60 days after discovery of those losses in which to petition the court for an amended restitution order</u>. Such order may be granted only upon a showing of good cause for the failure to include such losses in the initial claim for

restitutionary relief.

18 U.S.C. § 3664(d)(5)(emphasis added). In support of the Second Motion for Order Requiring FBI to Deliver Forfeited Funds (which the government incorporated by reference into its third motion), the letter from the victim and her employer indicates that during the time "J.M." was being victimized by defendant in 2010, she would have been employed full time and would have earned $2,240 in wages.

Neither the statement of the employer nor the request of the victim is dated. Further, the government's motion does not address when the victim first "discovered" that she had lost wages in 2010. Common sense suggests that lost wages would be patent rather than latent harm, and that wages lost in 2010 would have been discovered in 2010 rather than 2012; therefore, the court concludes that, at some time between the first and second motions to amend, the victim discovered that her lost wages in 2010 were compensable under 18 U.S.C. § 3663A(d). Further, the court will conclude in these circumstances that the date on which the victim discovered the loss was compensable begins the running of the 60 day clock under § 3664(d)(5).

While such a reading of the statute may at first glance appear to be unduly broad, it appears to be in accord with recent decisions of the Supreme Court finding that §3664(d)(5) "seeks speed primarily to help the victims of crime and only secondarily to help the defendant." Dolan v. United States, 130 S.Ct. 2533, 2540 (2010). The Court explained such reading, as follows:

> The sentence imposes no time limit on the victim's subsequent discovery of

> losses. Consequently, a court might award restitution for those losses long after the original sentence was imposed and the 90–day time limit has expired. That fact, along with the Act's main substantive objectives, is why we say that the Act's efforts to secure speedy determination of restitution is primarily designed to help victims of crime secure prompt restitution rather than to provide defendants with certainty as to the amount of their liability.

Id. Finally, the Supreme Court cautioned that "to read the statute as depriving the sentencing court of the power to order restitution would harm those—the victims of crime—who likely bear no responsibility for the deadline's being missed and whom the statute also seeks to benefit." Id.

Thus, this court concludes that even a loss that was ascertainable before entry of the Order of Restitution may later form the basis for an appropriate request to amend, where, as here, it is only after entry of the Order that the victim discovers, realizes, or is informed by the government that such loss would be compensable under § 3663A(d) and appropriate documentation supporting such loss is secured. Based on the factual basis in this matter, it is readily apparent that this particular victim would not have necessarily realized that lost wages from lawful employment during the time she was being victimized would have been compensable until such was brought to her attention by the government, and that the victim acted promptly after such discovery and obtaining supporting documentation from her employer to apply for such relief. Finding that such application is timely and that good cause exists for not placing such in the initial request for relief, the government's motion will be allowed.

-3-

## ORDER

**IT IS, THEREFORE, ORDERED** that:

(1) the United States' Third Motion for an Order Amending Restitution Amount and Requiring FBI to Deliver Forfeited Funds (#30) is **GRANTED;**

(2) the Order of Restitution is **AMENED** to provide the amount of restitution as $2721;

(3) the FBI is directed to deliver to the Clerk of Court any and all remaining funds it seized from the defendant and which have been forfeited, up to the amount of restitution herein Ordered, for payment by the Clerk of Court to victim "J. M."

Signed: December 28, 2012

*[signature]*

Max O. Cogburn Jr.
United States District Judge

– 4 –